# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:17-CV-7-RL-PRC |
| ) | |
| GOLDEN PHOENIX RESTAURANT, INC., ) | |
| EVELYN HUYNH, QUYNH PHUNG, and ) | |
| ANTHONY PARDUCCI, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Joinder [DE 17], filed by Defendant Anthony Parducci on February 7, 2017. On February 19, 2017, Plaintiff Westfield Insurance Company ("Westfield") filed a response, and, on February 24, 2017, nonparty Progressive Universal Insurance Company ("Progressive") filed a separate response. On February 24, 2017, and March 3, 2017, Parducci filed a reply to each of the responses. With leave of Court, Westfield filed a surresponse on March 27, 2017, and Parducci filed a surreply on April 3, 2017.

This matter is also before the Court on Defendant Parducci's Motion to Strike Progressive's Response to His Motion for Joinder [DE 31], filed on March 3, 2017. On March 17, 2017, Progressive filed a response in opposition, and Parducci filed a reply on March 24, 2017.

Both motions are now fully briefed and ripe for ruling.

## BACKGROUND

The Motion for Joinder involves the interplay of three lawsuits—an underlying personal injury lawsuit brought by Anthony Parducci against Evelyn Huynh, Quynh Phung, and Golden Phoenix Restaurant ("Golden Phoenix"); a declaratory judgment action brought in state court by

Progressive, Evelyn's personal automobile insurer; and the instant declaratory judgment action brought by Westfield, Golden Phoenix's CGL insurer.

1. *Underlying Personal Injury Lawsuit:* Parducci v. Evelyn Huynh, Quynh Phung, and Golden Phoenix Restaurant

In a personal injury suit pending in this Court under separate Cause Number 2:15-CV-392, Anthony Parducci sued Evelyn Huynh for personal injuries under a theory of negligence. Parducci later amended his complaint to add Quynh Phung and Golden Phoenix—Evelyn's alleged employers—as defendants.

In the First Amended Complaint, Parducci alleges that, on September 13, 2015, Parducci was a pedestrian in the parking lot located at 1715 U.S. 41 in Schererville, Indiana. On that date, Evelyn was in her vehicle in the parking lot and struck Parducci. Parducci alleges that Evelyn was at fault. Parducci further alleges that, on that date, Evelyn was the agent, servant, and/or employee of Quynh and Golden Phoenix and that Quynh and Golden Phoenix were negligent in the hiring, supervising, training, and retention of Evelyn.

2. *Declaratory Judgment Action in State Court:* Progressive v. Parducci, Evelyn Huynh, and Wendy Huynh

Subsequently, on March 21, 2016, Progressive filed a declaratory judgment action in the Lake County Superior Court against Parducci, Evelyn, and Wendy Huynh. In the Complaint for Declaratory Judgment, Progressive alleges that it issued an automobile insurance policy to Wendy and that Evelyn was a named driver and household resident listed on the policy. Progressive alleges that the vehicle Evelyn was driving on September 13, 2015, which struck Parducci, was owned by Evelyn and was insured under the Progressive policy. Progressive further alleges that, at the time of the accident, Evelyn was using the vehicle for retail delivery, specifically to transport food for

Golden Phoenix. Progressive states that it is defending Evelyn pursuant to the liability provisions of the policy and under a reservation of rights.

Progressive alleges that, pursuant to the liability provisions of the policy, coverage is excluded for any claims for bodily injury arising out of the use of any vehicle while being used for retail delivery, including but not limited to, the transport of food. Progressive alleges that, at the time of the accident, Evelyn was engaged in the transport of food within the meaning of the policy and, thus, that there is no liability coverage under the policy for Parducci's personal injury lawsuit against Evelyn. Thus, in the state court action, Progressive seeks a declaratory judgment that there is no coverage under the Progressive policy for the claims brought by Parducci against Evelyn in the underlying litigation.

3. *Instant Declaratory Judgment Action:* Westfield v. Parducci, Evelyn Huynh, Quynh Phung, and Golden Phoenix Restaurant

On January 5, 2017, Westfield, which is Golden Phoenix's Commercial General Insurance ("CGL") provider, filed the instant declaratory judgment action. Westfield alleges that, on January 1, 2015, it issued a CGL policy to Golden Phoenix with effective dates of coverage of January 1, 2015, to January 1, 2016. Westfield alleges that Quynh was the sole shareholder, president, and secretary of Golden Phoenix and is Evelyn's aunt. Westfield alleges the following events leading to Parducci's injury: Evelyn made a delivery for Golden Phoenix on September 13, 2015, and, after making the delivery, stopped to put gas in her vehicle and then could not restart her car; Evelyn called Quynh, who asked Parducci, a former employee, to help Evelyn start her car; Parducci arrived at the gas station, parked his car in front of Evelyn's car, got out of his car, and assisted Evelyn with her car; Parducci asked Evelyn to start her car; and, when Evelyn started her car, the car moved forward, pinning Parducci between the two cars.

In its Complaint for Declaratory Judgment, Westfield alleges that it denied Golden Phoenix's request to defend and indemnify Golden Phoenix, Quynh, and Evelyn under the Westfield policy against the personal injury lawsuit brought by Parducci. Westfield alleges that Parducci's underlying personal injury claims against Golden Phoenix, Quynh, and Evelyn are subject to the "Auto Exclusion" to the Westfield policy's CGL "Bodily Injury And Property Damage Liability" ("CGL BI/PD") coverage because Evelyn's car qualifies as an "auto" as defined in the policy. Westfield also alleges that Parducci's allegations of negligent hiring, supervising, training, and retention against Golden Phoenix and Quynh are not an "accident" or "occurrence" for purposes of the CGL BI/PD coverage. Thus, Westfield alleges that it has no duty under the CGL BI/PD coverage to defend or indemnify Golden Phoenix, Quynh, and Evelyn in the underlying lawsuit brought by Parducci.

Westfield further alleges that Parducci's underlying lawsuit against Golden Phoenix, Quynh, and Evelyn does not allege a "personal and advertising injury" as that term is defined by the Policy's CGL "Personal and Advertising Injury Liability" ("PAI") coverage and, thus, that Westfield has no duty under that coverage to defend or indemnify Golden Phoenix, Quynh, and Evelyn in the underlying lawsuit brought by Parducci.

Westfield alleges that Parducci has been joined in this action by virtue of his interest in the resolution of the duty to defend and duty to indemnify issues. Westfield seeks a declaratory judgment that Westfield has no duty under the policy it issued to Golden Phoenix to defend or indemnify Golden Phoenix, Quynh, and Evelyn in the underlying lawsuit brought by Parducci.

## MOTION TO STRIKE

Parducci asks the Court to strike Progressive's brief in response to the Motion for Joinder on the basis that Progressive is not a party to this action and has not moved to intervene to file a response. Because Progressive, a nonparty, did not seek leave of Court prior to filing its response brief, the Court grants the Motion to Strike and strikes Progressive's response brief.

## MOTION FOR JOINDER

Defendant Parducci asks the Court to join nonparty Progressive as a party plaintiff and nonparty Wendy Huynh as a party defendant. Plaintiff Westfield opposes the motion. For the following reasons, the Court denies the motion because Progressive and Wendy are not required parties.

Federal Rule of Civil Procedure 19 governs joinder of parties:

**(a) Persons Required to Be Joined if Feasible.**

> **(1) Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
>>>
>>> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Rule 19 further provides: "If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Fed. R. Civ. P. 19(a)(2).

In the Motion for Joinder, Parducci argues both that complete relief cannot be afforded to the parties already involved in this case without joining Progressive and Wendy, *see* Fed. R. Civ. P. 19(a)(1)(A), and that Progressive's interest is such that disposing of this action in its absence subjects Parducci to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest," *see* Fed. R. Civ. P. 19(a)(1)(B)(ii).

Relevant to both arguments, Parducci's motion is based on the incorrect premise that Westfield is seeking a declaration in this case that Evelyn was *not* acting as an employee of Golden Phoenix at the time of Parducci's injury. In fact, for purposes of this declaratory judgment action, Westfield assumes that Evelyn *was* acting as an employee of Golden Phoenix, as alleged by Parducci in the underlying negligence action, and, thus, was an "insured" covered by the Westfield policy but subject to the "Auto Exclusion" provision. The Court considers each basis for Parducci's Motion for Joinder in turn.

1.  *Complete Relief Afforded to Existing Parties*

First, Parducci argues that complete relief cannot be afforded to the parties already involved in this case without joining Progressive and Wendy. *See* Fed. R. Civ. P. 19(a)(1)(A). Parducci describes the two declaratory judgment actions brought by Westfield and Progressive as a "battle between insurers: whose policy covered Evelyn at the time of Parducci's injury?" (ECF 17, p. 4). Parducci contends that, in disputes like this "involving questions of primary and competing coverage, failure to add all potential insurers to resolve coverage questions prejudices all insurers

6

involved." *Id*. (citing *Sta-Rite Indus. v. Allstate Ins. Co.*, 96 F.3d 281, 285 (7th Cir. 1996); *Am. Std. Ins. Co. v. Rogers*, 123 F. Supp. 2d 461, 467-68 (S.D. Ind. 2000)).

First, this is an incorrect description of the relationship between the two declaratory judgment actions because the two insurance policies do not cover the same liabilities. In the instant case, the Westfield policy is a Commercial General Liability policy held by Golden Phoenix, whereas the Progressive policy in the state court action is a personal automobile policy held by Wendy. This is not a case of primary versus secondary coverage or of competing coverage of policies held by the same insured. *See Sta-Rite*, 96 F.3d at 283-84 (concerning a corporation's claims against several of its general commercial liability policy providers).

Second, the coverage issues in each declaratory judgment action are different. For the Westfield policy, the issue is whether Westfield has a duty to defend and/or indemnify in light of the Auto Exclusion to the policy. Westfield's "duty to defend is determined by the nature of the complaint" in the underlying personal injury lawsuit. *See Hayes Lemmerz Int'l, Inc. v. Ace Am. Ins. Co.*, 619 F.3d 777, 781 (7th Cir. 2010) (quoting *Transamerica Ins. Servs. v. Kopko*, 570 N.E.2d 1283, 1285 (Ind. 1991)). In the underlying lawsuit, Parducci alleges that Evelyn was "using the vehicle for retail delivery, specifically, to transport food for the Golden Phoenix Restaurant." (ECF 17-2, ¶ 11). Thus, for purposes of this litigation, Westfield assumes that Evelyn was acting as an employee of Golden Phoenix. Westfield has not taken the position that Evelyn fails to qualify as an "insured" because she was not an "employee" or "temporary worker" of Golden Phoenix.[1] Rather,

---

[1] In his reply brief, Parducci misreads the Auto Exclusion in the Westfield policy as "only triggered by the use by a non-insured ('others') of a vehicle owned by an insured, which under the provisions of the policy includes employees." (ECF 26, p. 1-2). Parducci reasons that, if Westfield is alleging that the Auto Exclusion applies to Evelyn, if the Auto Exclusion only applies to "others," and if employees are "insured" and not "others," then Westfield must be arguing that Evelyn was *not* an employee. The Auto Exclusion provides:
This insurance does not apply to:

7

assuming that Evelyn is an insured, Westfield contends that its policy coverage does not apply to Evelyn because Parducci's injury arose out of Evelyn's ownership, maintenance, or use of the car and, thus, the Auto Exclusion applies. Westfield also contends that the policy coverage under the PAI provision does not apply to Evelyn because Parducci's injury did not arise out of a "personal and advertising injury" offense. In contrast, the coverage issue under the Progressive personal automobile insurance policy is whether Evelyn was delivering food at the time of Parducci's injury.

For Parducci's claim against Evelyn individually, the Court's declaration in this case of the coverage issues under Westfield's CGL policy will have no effect upon the separate coverage issue that is being decided under Evelyn's personal automobile policy in the Progressive declaratory judgment action, and vice versa.

The same analysis applies to Westfield's coverage for Parducci's claim that Quynh and Golden Phoenix negligently hired, supervised, trained, and retained Evelyn. Again, Westfield has assumed the truth of the allegation that Evelyn was working for Golden Phoenix and seeks a declaratory judgment on the claims against Quynh and Golden Phoenix, asserting that the Auto

---

. . . .
g. Aircraft, Auto Or Watercraft
"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment <u>*to others*</u> of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."
This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented to any insured.
(ECF 1, Ex. 1, p. 24) (emphasis added).
Parducci reads "to others" as modifying all four nouns: "ownership," "maintenance," "use," *and* "entrustment." However, a plain reading demonstrates that "to others" modifies only "entrustment." The four categories of liability for "'bodily injury' or 'property damage' aris[e] out of" (1) the *ownership* of any auto; (2) the *maintenance* of any auto; (3) the *use* of any auto; or (4) the *entrustment to others* of any auto. A reading of "to others" as modifying "ownership," "maintenance," and "use" is nonsensical: the phrases "arising out of the *ownership to others* of any auto;" "arising out of the *maintenance to others* of any auto;" and "arising out of the *use to others* of any auto" do not make sense.

8

Exclusion applies, that the allegations of Parducci's complaint do not qualify as an "accident" or "occurrence," and that Parducci's injury did not arise out of a "personal and advertising injury" offense. As with Parducci's claims against Evelyn, the Court's declaration of these coverage issues as to the claims against Quynh and Golden Phoenix under Westfield's CGL policy will have no effect upon the separate coverage issue that is being decided under Evelyn's personal automobile policy in the Progressive declaratory judgment action, and vice versa.

Thus, the coverage decision in each case is wholly independent, and this Court can accord complete relief among the existing parties to this declaratory judgment action—Westfield as Plaintiff and Golden Phoenix, Evelyn, Quynh, and Parducci as Defendants—in the absence of Progressive and Wendy.

2. *Parducci's Risk of Incurring Double, Multiple, or Otherwise Inconsistent Obligations*

Alternatively, Parducci argues that Progressive's interest is such that disposing of this action in Progressive's absence subjects Parducci to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *See* Fed. R. Civ. P. 19(a)(1)(B)(ii). Again, Parducci incorrectly argues that Westfield is asking for a declaratory judgment that Evelyn was *not* acting within the scope of her employment at the time of Parducci's injury. (ECF 17, p. 4). Based on this incorrect assumption, Parducci reasons that Westfield's position in this action is at direct odds with Progressive's position in the state declaratory judgment action that Evelyn *was* acting as an employee at the time of the accident. Parducci further reasons that, since both lawsuits address the same question, "there can only be one consistent answer." *Id*. He concludes that, because "Evelyn either was or was not an employee at the time of Parducci's injury, which means one policy or the other *must* be implicated," only half of the question is presented in this case. *Id*.

9

As noted above, in this declaratory judgment action, Westfield is not contesting and assumes that Evelyn was acting as an employee of Golden Phoenix at the time of the incident. Thus, there is no potential for an inconsistent outcome based on employment status as asserted by Parducci.

Moreover, Parducci is not at risk of incurring double, multiple, or otherwise inconsistent obligations if Progressive is not joined because Westfield is not seeking to impose any obligation on Parducci in this action. Westfield seeks a declaration that it has no duty under its CGL Policy to defend/indemnify Evelyn, Quynh, and Golden Phoenix against Parducci's underlying negligence lawsuit. The resolution of the coverage issues under Westfield's CGL Policy will not impair or impede Parducci's interests, nor will it result in Parducci incurring inconsistent obligations.

It appears that Parducci's concern is that the courts in the declaratory judgment actions may separately find that neither the Progressive policy nor the Westfield policy covers Evelyn's use of her car for the September 13, 2015 incident. But, the same result could occur if the declaratory actions were tried together. Parducci's interest in each of the policies, which Westfield acknowledges, does not mean that Evelyn ultimately will be covered under either policy. Thus, Parducci may risk unfavorable "adjudications" regarding liability and coverage but not inconsistent "obligations." *Scottsdale Ins. Co. v. Subscriptions Plus, Inc.*, 195 F.R.D. 640, 646 (W.D. Wis. 2000) ("Rule 19(a)(2)(ii) prevents inconsistent obligations, not inconsistent adjudications."). Rule 19(a)(2)(ii) does not require joinder under these circumstances.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant Parducci's Motion to Strike Progressive's Response to His Motion for Joinder [DE 31] and **DENIES** Defendant's Motion for Joinder [DE 17]. The Court **STRIKES** Progressive's Response Brief [25].

SO ORDERED this 4th day of May, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT