UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, )<br>      Plaintiff, )<br>)<br>    v. )<br>)<br>GOLDEN PHOENIX RESTAURANT, INC., )<br>EVELYN HUYNH, QUYNH PHUNG, and )<br>ANTHONY PARDUCCI, )<br>      Defendants. )<br>)<br>)<br>AMERICAN FAMILY INSURANCE )<br>COMPANY, )<br>      Intervenor Defendant. ) | CAUSE NO.: 2:17-CV-7-RL-PRC |

## OPINION AND ORDER

This matter is before the Court on an Amended Motion to Intervene [DE 44], filed by American Family Insurance Company (American Family) on October 9, 2017. On October 17, 2017, Plaintiff Westfield Insurance Company (Westfield) filed a response, and, on October November 2, 2017, American Family filed a timely reply. For the reasons set forth below, the Court grants the Motion to Intervene.

## BACKGROUND

The instant Motion to Intervene involves the interplay of four lawsuits—an underlying personal injury lawsuit brought by Anthony Parducci against Evelyn Huynh, Quynh Phung, and Golden Phoenix Restaurant ("Parducci's Personal Injury Lawsuit"); the instant declaratory judgment action brought by Westfield, Golden Phoenix's CGL insurer ("Westfield Declaratory Judgment Action"); an uninsured motorist claim brought by Anthony Parducci against American Family, his automobile insurer ("Parducci's Uninsured Motorist Lawsuit"); and a declaratory judgment action brought in state court by Progressive Universal Insurance Company (Progressive), Evelyn's personal

automobile insurer ("Progressive Declaratory Judgment Action"), with this last action not directly impacting the instant Motion to Intervene.

1.  *Parducci's Personal Injury Lawsuit*: Parducci v. Evelyn Huynh, Quynh Phung, and Golden Phoenix Restaurant

In a personal injury suit pending in state court, Anthony Parducci sued Evelyn Huynh for personal injuries under a theory of negligence. Parducci later amended his complaint to add Quynh Phung and Golden Phoenix—Evelyn's alleged employers—as defendants. In the First Amended Complaint in that case, Parducci alleges that, on September 13, 2015, Parducci was a pedestrian in the parking lot located at 1715 U.S. 41 in Schererville, Indiana. On that date, Evelyn was in her vehicle in the parking lot and struck Parducci. Parducci alleges that Evelyn was at fault. Parducci further alleges that, on that date, Evelyn was the agent, servant, and/or employee of Quynh and Golden Phoenix who were negligent in the hiring, supervising, training, and retention of Evelyn. In the instant motion, American Family represents that it intends to intervene in Parducci's Personal Injury Lawsuit.

2.  *Instant Westfield Declaratory Judgment Action*: Westfield v. Parducci, Evelyn Huynh, Quynh Phung, and Golden Phoenix Restaurant

On January 5, 2017, Westfield, which is Golden Phoenix's Commercial General Insurance ("CGL") provider, filed the instant declaratory judgment action. Westfield alleges that, on January 1, 2015, it issued a CGL policy to Golden Phoenix with effective dates of coverage of January 1, 2015, to January 1, 2016, and that Quynh was the sole shareholder, president, and secretary of Golden Phoenix and is Evelyn's aunt. Westfield alleges that it denied Golden Phoenix's request to defend and indemnify Golden Phoenix, Quynh, and Evelyn under the CGL policy in Parducci's Personal Injury Lawsuit. Westfield alleges that Parducci's underlying personal injury claims against

2

Golden Phoenix, Quynh, and Evelyn are subject to the "Auto Exclusion" to the Westfield policy's CGL "Bodily Injury And Property Damage Liability" ("CGL BI/PD coverage"), that Parducci's allegations of negligent hiring, supervising, training, and retention against Golden Phoenix and Quynh are not an "accident" or "occurrence" for purposes of the CGL BI/PD coverage, and that Parducci's underlying lawsuit does not allege a "personal and advertising injury" as that term is defined by the Policy's CGL "Personal and Advertising Injury Liability" coverage. Westfield joined Parducci in this action by virtue of his interest in the resolution of the duty to defend and duty to indemnify issues. Westfield seeks a declaratory judgment that Westfield has no duty under the policy it issued to Golden Phoenix to defend or indemnify Golden Phoenix, Quynh, and Evelyn in Parducci's Personal Injury Lawsuit.

3. *Parducci's Uninsured Motorist Lawsuit*: Parducci v. American Family Insurance Company

On August 8, 2017, Parducci filed a complaint in state court, alleging that, on September 13, 2015, Parducci was insured by American Family for uninsured motorist coverage, that Evelyn was an uninsured motorist, and that American Family breached its contract with Parducci. American Family represents that it filed a motion in state court to consolidate Parducci's Uninsured Motorist Lawsuit with Parducci's Personal Injury Lawsuit.

4. *Progressive Declaratory Judgment Action*: Progressive v. Parducci, Evelyn Huynh, and Wendy Huynh

On March 21, 2016, Progressive filed a declaratory judgment action in state court against Parducci, Evelyn, and Wendy Huynh. Therein, Progressive alleges that it issued an automobile insurance policy to Wendy and that Evelyn was a named driver and household resident listed on the policy. Progressive alleges that the vehicle Evelyn was driving on September 13, 2015, which struck Parducci, was owned by Evelyn and was insured under Wendy's Progressive policy; that, at the time

of the accident, Evelyn was using the vehicle for retail delivery to transport food for Golden Phoenix; that coverage is excluded for any claims for bodily injury arising out of the use of any vehicle while being used to transport food for retail delivery; and that there is no liability coverage under the policy for Parducci's personal injury lawsuit against Evelyn. American Family represents that it is moving to intervene in the Progressive Declaratory Judgment Action in state court.

## ANALYSIS

Movant American Family Insurance Company asks the Court to allow it to intervene in this action, citing Federal Rules of Civil Procedure 24(a) and 24(b). Westfield objects.

Federal Rule of Civil Procedure 24(a), which governs intervention of right, provides:

On timely motion, the court must permit anyone to intervene who:

> **(1)** is given an unconditional right to intervene by a federal statute; or
>
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

Federal Rule of Civil Procedure 24(b), which governs permissive intervention, provides:

> **(1)** *In General.* On timely motion, the court may permit anyone to intervene who:
>
> > **(A)** is given a conditional right to intervene by a federal statute; or
> >
> > **(B)** has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1).[1] In exercising its discretion under Rule 24(b)(1), "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties'

---

[1] In its response brief, Westfield applies the standard for joinder under Federal Rule of Civil Procedure 19, rather than the standard for intervention under Federal Rule of Civil Procedure 24.

4

rights." Fed. R. Civ. P. 24(b)(3); *see also Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 951 (7th Cir. 2000) ("Permissive intervention under Rule 24(b) is wholly discretionary and will be reversed only for abuse of discretion.").

American Family argues that is has a claim or defense that shares a common question of law and fact with the instant declaratory judgment lawsuit. American Family reasons that the question of whether Evelyn was "uninsured" for purposes of Parducci's Uninsured Motorist Lawsuit against American Family depends, in part, on whether Evelyn was insured by Westfield for the events in question on September 13, 2015. The Court finds that American Family's defense in Parducci's Uninsured Motorist Lawsuit shares common questions of law and fact with Westfield's claim in this instant declaratory judgment action. In addition, the Court finds that American Family's intervention will not unduly delay or prejudice the adjudication of the instant action and Westfield has not argued otherwise. Accordingly, the Court finds that American Family should be permitted to intervene in this action under Rule 24(b). *See, e.g.*, *Allstate Ins. Co. v. Matthews*, 1:11-CV-810, 2012 WL 5364408 (S.D. Ind. Oct. 30, 2012) (ruling on cross motions for summary judgment in a declaratory judgment action brought by an insurance company against its insured and against the plaintiff who sued the insured separately for damages resulting from an accident involving the insured's vehicle, with the insurance company for the plaintiff in the separate lawsuit intervening in the declaratory judgment action and opposing the motion for summary judgment filed by the insurance company); *Progressive N. Ins. Co. v. Consol. Ins. Co.*, 673 N.E.2d 522 (Ind. Ct. App. 1996) (affirming the trial court's grant of summary judgment in favor of the plaintiff automobile insurer in a declaratory judgment action in which the uninsured motorist insurance carrier of the third-party accident victim had intervened, with the intervenor uninsured motorist carrier appealing the grant of summary

judgment in favor of the plaintiff automobile insurer); *Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664 (Ind. Ct. App. 1996) (considering the appeal of the summary judgment ruling in favor of the insured in a declaratory judgment action brought by the insured's automobile insurer, in which the injured victim's uninsured motorist carrier had been allowed to intervene).

Westfield argues that, under recent Indiana law, because Westfield denied coverage in Parducci's Personal Injury Lawsuit, the defendants in that lawsuit, including Evelyn, are deemed as a matter of law to be "uninsured" for purposes of American Family's Policy's Uninsured Motorist coverage. *See Ind. Ins. Guaranty Assoc. v. Smith*, 82 N.E.2d 383 (Ind. Ct. App. 2017). In *Smith*, an injured driver bought an action against the other driver, who was uninsured, for negligence and against the injured driver's own insurance company for coverage under the uninsured motorist provision of his insurance policy; the court decided as a matter of first impression that the defendant driver's vehicle was considered an uninsured motor vehicle under the Indiana uninsured motorist statute when the vehicle was covered by insurance at the time of the accident but the defendant driver's insurance carrier subsequently denied coverage. 82 N.E.2d at 387 ("We therefore interpret the statute's definition of 'uninsured motor vehicle' to include motor vehicles that had liability insurance at the time of an accident but that were later denied coverage."). However, in *Smith*, there was no declaratory judgment action pending and the liability insurer's denial of coverage to the putative tortfeasor was a final determination. Although Westfield denied defense and coverage in Parducci's Personal Injury Lawsuit, the instant declaratory judgment action is pending and, thus, the question of whether the defendants are uninsured by Westfield remains an open question.

Because permissive intervention is appropriate and because American Family does not address the four elements of intervention of right, *see Wis. Educ. Ass'n Council v. Walker*, 705 F.3d 640, 657 (7th Cir. 2013), the Court declines to consider the motion under Rule 24(a).

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Amended Motion to Intervene [DE 44] and **ORDERS** that American Family Insurance Company be added to the docket as an Intervenor Defendant. The Court **ORDERS** American Family Insurance Company to **FILE** its Answer on or before **November 27, 2017.**

SO ORDERED this 20th day of November, 2017.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT