**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN PHOENIX RESTAURANT, INC., EVELYN HUYNH, QUYNH PHUNG, and ANTHONY PARDUCCI,<br><br>Defendants.<br><hr>AMERICAN FAMILY INSURANCE COMPANY,<br><br>Intervenor Defendant. | CAUSE NO.: 2:17-CV-7-TLS |

**OPINION AND ORDER**

This action arises out of an accident where Defendant Evelyn Huynh, after making a delivery of Chinese food for Defendant Golden Phoenix Restaurant, Inc., (the Restaurant), owned by Defendant Quynh Phung, hit Defendant Anthony Parducci with her automobile. Thereafter, Parducci filed a separate lawsuit against Huynh, Phung, and the Restaurant seeking to recover damages he incurred as a result of the accident (the Parducci Lawsuit). At the time of the accident, the Restaurant was insured under a commercial general liability policy (the Policy) issued by Plaintiff Westfield Insurance Company, which among other things, included an exclusion for bodily injury arising out of the use of any auto operated by any insured. The Plaintiff filed a Complaint in this Court [ECF No. 1], seeking a declaratory judgment that it has no duty under the Policy to defend Huynh, Phung, and the Restaurant against the Parducci

Lawsuit and that it has no duty under the Policy to indemnify Huynh, Phung, and the Restaurant against the Parducci Lawsuit.

This matter is before the Court on the Plaintiff Westfield Insurance Company's Motion for Summary Judgment [ECF No. 68], filed on May 24, 2019. Huynh filed a response [ECF No. 75] on August 12, 2019, and the Plaintiff filed its reply [ECF No. 76], on August 14, 2019. With leave of Court, Huynh filed a supplement [ECF No. 81] on February 21, 2020, and the Plaintiff filed its reply to the supplement [ECF No. 82] on February 25, 2020.

However, on March 17, 2020, the case was stayed [ECF No. 87] pending Phung's bankruptcy case, and the Court rendered moot the Plaintiff's Motion for Summary Judgment without prejudice to be reinstated once the stay was lifted. The stay was lifted on June 1, 2023, and the Plaintiff's Motion for Summary Judgment was reinstated. *See* ECF No. 91. No further filings have been made by any party. For the reasons set forth below, the Court GRANTS the Plaintiff's motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may discharge this burden by "either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citation omitted). In response, the non-movant "must make a sufficient showing on every element of [her] case on which [she] bears the burden of proof; if [she] fails to do so, there is no issue for trial." *Yeatts v. Zimmer Biomet Holdings, Inc.*, 940 F.3d 354, 358 (7th Cir. 2019) (citing

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In ruling on a motion for summary judgment, a court must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Id.* (citation omitted). A court's role "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citations omitted).

## BACKGROUND AND MATERIAL FACTS[1]

### A. The Parties

Plaintiff Westfield Insurance Company is an Ohio corporation with its principal place of business in Westfield Center, Ohio. Pl. Ex. A ¶ 3, ECF No. 69-1. At all times material to the instant lawsuit, the Plaintiff was duly authorized to transact the business of insurance within the State of Indiana. *Id*. The Defendant Golden Phoenix Restaurant, Inc. (the Restaurant) is an Indiana corporation with its principal place of business in Schererville, Indiana. Pl. Ex. B, pp. 5, 6, ECF No. 69-2. Defendant Quynh Phung is the sole owner of the Restaurant. *Id*. pp. 6–7. The Restaurant is a sit down and carry out Chinese restaurant. Pl. Ex. C, pp. 24–25, ECF No. 69-3. Defendant Evelyn Huynh resides in Chicago, Illinois. *Id*. p. 6. Phung is Huynh's aunt. *Id*. p. 23. Defendant Anthony Parducci resides in Cedar Lake, Indiana. Pl. Ex. D, p. 5, ECF No. 69-4.

### B. The Accident

On September 13, 2015, after making a Chinese food delivery for the Restaurant, Huynh stopped to put gas in her car at a gas station located in Schererville, Indiana. Pl. Ex. C, pp. 17, 49–50, 53; Pl. Ex. E ¶ 5, ECF No. 69-5. When Huynh was finished pumping the gas, her car

---

[1] The facts offered by the parties are considered only to the extent they are supported by the properly cited evidence of record.

would not start. Pl. Ex. C, p. 54. She called Phung who asked Parducci to help Huynh. *Id*. pp. 54–55. Specifically, Phung asked Parducci to go to the gas station and look at the car to see if he could fix it or tow it. Pl. Ex. E, pp. 16–18, ECF No. 82-1.[2] She told Parducci the location of the gas station. *Id*. pp. 65–66. Parducci drove his car to the gas station and pulled his car in front of Huynh's car. Pl. Ex. C, p. 59; Pl. Ex. D, p. 17. After working on Huynh's car, Parducci asked Huynh to try to start the car. Pl. Ex. C, p. 59. Huynh turned the key in the ignition, and the car moved forward, pinning Parducci between her car and his car. *Id*. pp. 59–61. Phung testified that at the time of the accident, Parducci was not an employee of the Restaurant. Pl. Ex. B, p. 75. She also testified that Parducci had opened a mechanic shop, and Phung and her delivery drivers tried to give him business. *Id*. Also, Parducci testified that he owned an auto repair shop, Region Wrench, at the time of the accident. Pl. Ex. E, p. 10, ECF No. 82-1.

**C.     Parducci's Claims**

On April 6, 2016, Parducci filed his First Amended Complaint for Damages and Jury Demand (the amended complaint), in *Anthony Parducci v. Evelyn Huynh, Quynh Phung, and Golden Phoenix Restaurant, Inc*., Cause No. 2:15-cv-392-RL-APR, United States District Court for the Northern District of Indiana, Hammond Division (the Parducci Lawsuit). Pl. Ex. E, ECF No. 69-5. The amended complaint includes two counts. Count I alleges that Huynh was negligent when she struck Parducci with her car, causing him injury. *Id*. Count II asserts claims of negligent hiring, supervision, training, and retention against Phung and the Restaurant seeking to hold Phung and the Restaurant responsible for Huynh's striking of Parducci with her car. *Id*. On September 11, 2017, the case was remanded to the Lake County, Indiana, Superior Court for lack

---

[2] The Plaintiff identified as Exhibit E the filings at both ECF No. 69-5 and ECF No. 82-1.

of subject matter jurisdiction and remains pending in that court under cause number 45D01-1509-CT-172.

**D.     Insurance Policy Between the Plaintiff and the Restaurant**

The Plaintiff issued the Restaurant a Commercial Insurance Policy No. CWP 1 948 968 (the Policy) effective January 1, 2015, to January 1, 2016. Pl. Ex. A ¶ 4, ECF No. 69-1. The Policy obligates the Plaintiff to pay "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Pl. Ex. A, Ex. 1, ECF No. 69-1 p. 24 of 54. The Policy "applies to 'bodily injury' and 'property damage' only if: (1) The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory[.]'" *Id*.

However, the Policy also provides that the "insurance does not apply to . . . '[b]odily injury' or 'property damage' arising out of the . . . use . . . of any . . . 'auto' . . . operated by . . . any insured." *Id*. pp. 25, 27 of 54. The Policy further provides that the "exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the 'occurrence' which caused the 'bodily injury' or 'property damage' involved the . . . use . . . of any . . . 'auto' . . . that is . . . operated by . . . any insured." *Id*. at p. 27 of 54.

"Insured" includes "[the Restaurant's] 'volunteer workers' only while performing duties related to the conduct of [the Restaurant's] business" and "[the Restaurant's] 'employees' . . . but only for acts within the scope of their of their employment by [the Restaurant] or while performing duties related to the conduct of [the Restaurant's] business." *Id*. p. 33 of 54. A "volunteer worker" is defined as "a person who is not [the Restaurant's] 'employee,' and who donates his or her work and acts at the direction of and within the scope of duties determined by

5

[the Restaurant], and is not paid a fee, salary or other compensation by [the Restaurant] or anyone else for their work performed for [the Restaurant]. *Id*. p. 39 of 54.

**E.  Prior Lawsuit**

On March 21, 2016, Progressive Universal Insurance Company (Progressive) filed a complaint for declaratory judgment against Parducci, Huynh, and non-party Wendy Huynh, Huynh's mother, in *Progressive Universal Insurance Company v. Anthony Parducci, Evelyn Huynh, and Wendy Huynh*, Lake County, Indiana, Superior Court, Cause No. 45D11-1603-PL-00030 (the Progressive Lawsuit). Pl. Ex. F, ECF No. 69-6.[3] On December 4, 2017, Lake Superior Court Judge Diane Kavadias Schneider entered Findings of Fact, Conclusions of Law and Judgment (the Judgment), which provided the declaratory relief that Progressive sought with the following relevant Findings of Fact (FOF) and Conclusions of Law (COL):

| | |
|---|---|
| FOF No. 9 | Evelyn then called Quynh Phung of the Golden Phoenix for help. Phung, the owner of The Golden Phoenix, called Parducci, who arrived at the gas station in an attempt to help Evelyn restart her car[, an Acura]. While jump-starting the Acura's battery, Parducci was positioned between his vehicle and the Acura. |
| FOF No. 10 | Once the Acura's battery had been recharged by the jump, Evelyn restarted the Acura. |
| FOF No. 11 | However, the Acura was not in park and moved forward, pinning Parducci between two vehicles and allegedly causing the injuries giving rise to the Suit. |
| FOF No. 12 | At the time of the Accident, Evelyn was acting in the scope of her employment with The Golden Phoenix restaurant. Further, her employer, The Golden Phoenix, had secured the services of Parducci to repair the automobile used by Evelyn for the benefit of the Golden Phoenix. |
| COL No. 7 | In this case, at the time of the Accident, Evelyn was still acting in the course of her employment with The Golden |

---

[3] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

6

> Phoenix. Evelyn called Phung of The Golden Phoenix for assistance in starting her vehicle, and that assistance was provided by Parducci.

*Id*. pp. 2–3, 4.

## ANALYSIS

The Plaintiff moves for summary judgment on its claim for a declaratory judgment that it has no duty under the Policy to defend Huynh, Phung, and the Restaurant against the Parducci Lawsuit and that it has no duty under the Policy to indemnify Huynh, Phung, and the Restaurant against the Parducci Lawsuit. The Plaintiff argues that the Policy excludes coverage for bodily injury caused by the use of a car by an insured and that Huynh, as an employee of the Restaurant, was an insured who was using a car that resulted in Parducci's injury.

### A.    Definition of Insured Under the Policy

In this case, the parties agree that Indiana law governs the interpretation of the Policy. Under Indiana law, an insurance policy is a contract that is "subject to the same rules of interpretation as are other contracts." *USA Life One Ins. Co. of Ind. v. Nuckolls*, 682 N.E.2d 534, 537–38 (Ind. 1997). "The interpretation of an insurance policy, as with other contracts, is primarily a question of law for the court, even if the policy contains an ambiguity needing resolution." *Tate v. Secura Ins*., 587 N.E.2d 665, 668 (Ind. 1992). "Ambiguous provisions in insurance policies are construed in favor of the insured." *Meridian Mut. Ins. Co. v. Auto-Owners Ins. Co*., 698 N.E.2d 770, 773 (Ind. 1998).

Here, contesting that she was an "insured" under the Policy, Huynh appears to assert that the term "insured" as used in the Policy is ambiguous. According to Huynh, this is because there is an issue of fact as to whether the relationship she had with the Restaurant at the time of the accident was that of a "gratuitous servant," which is not included in the Policy's definition of an

7

"insured."[4] The Plaintiff replies that issue preclusion bars this argument because a judgment was previously entered finding that Huynh was an employee of the Restaurant at the time of the accident.[5] The Court agrees with the Plaintiff for the reasons set forth below.

"In general, issue preclusion bars subsequent litigation of the same fact or issue that was necessarily adjudicated in a former suit." *Miller Brewing Co. v. Ind. Dep't of State Revenue*, 903 N.E.2d 64, 68 (Ind. 2009); *see Taylor v. City of Lawrenceburg*, 909 F.3d 177, 180–81 (7th Cir. 2018) (relying on *Miller* for the application of issue preclusion under Indiana law). For issue preclusion to apply, "[t]he matters decided must have been appealable in the original suit." *Miller Brewing Co.*, 903 N.E.2d at 68. "[F]acts available at the time of the first suit are foreclosed in a subsequent suit, as are new arguments based on the same legal theory." *Id.*

In this case, the issue of Huynh's relationship with the Restaurant at the time of the accident has already been adjudicated in a prior lawsuit. On December 4, 2017, Lake County, Indiana, Superior Court Judge Diane Kavadias Schneider entered Findings of Fact, Conclusions of Law and Judgment, determining that Huynh was an employee of the Restaurant acting within the scope of her employment at the time of the accident at the gas station, which was an appealable final judgment. *See Means v. State*, 201 N.E.3d 1158, 1163 (Ind. 2023) ("Under [the final judgment] rule, [Indiana] appellate courts generally have jurisdiction only over appeals from judgments . . . disposing of all claims as to all parties."). And, Huynh does not point to any new facts unavailable at the time of that prior lawsuit. Thus, the Court concludes that issue

---

[4] "Essentially, the doctrine of gratuitous servant is a form of master-servant, or principal-agent, relationship." *Gilbert v. Loogootee Realty, LLC*, 928 N.E.2d 625, 630 (Ind. Ct. App. 2010).

[5] Huynh did not address this point in her supplemental brief filed in response to the Plaintiff's reply brief; thus, she waives any argument on whether issue preclusion bars the relitigating of Huynh's employment status with the Restaurant at the time of the accident. *See Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.").

preclusion applies, barring Huynh from relitigating the nature of relationship she had with the Restaurant at the time of the accident.

Consequently, the Court finds that there is no factual dispute as to whether Huynh was a gratuitous servant of the Restaurant's at the time of the accident because she was an employee of the Restaurant as set forth in the Lake County, Indiana, Superior Court judgment in the Progressive Lawsuit. *See Gilbert*, 928 N.E.2d at 630 ("It appears that the relationship (i.e., gratuitous servant) giving rise to liability under this doctrine may arise *when there is no direct evidence of a traditional employment agreement* between the putative master and gratuitous servant . . . ." (emphasis added)). Accordingly, based on the arguments and evidence before the Court, the Court concludes that Huynh has not raised a basis for finding ambiguity in the term "insured" as used in the Policy.

**B.     Auto Exclusion Provision of the Policy**

Under Indiana law, "[a]n insurance policy that is unambiguous must be enforced according to its terms, even those terms that limit an insurer's liability." *Sheehan Const. Co. v. Cont'l Cas. Co.*, 935 N.E.2d 160, 169 (Ind. 2010). "Thus, [courts] may not extend insurance coverage beyond that provided by the unambiguous language in the contract." *Id*. "Whether an insurer has a duty to defend a particular lawsuit is determined by examining the nature of the underlying complaint." *Ebert v. Ill. Cas. Co*., 188 N.E.3d 858, 865 (Ind. 2022). "And an insurer's duty to defend is broader than its duty to indemnify. Consequently, if an insurer does not have a duty to defend, then it does not have a duty to indemnify." *Id*. (cleaned up).

In this case, the Plaintiff argues that the Policy's auto exclusion provision excludes from coverage Parducci's claims in his amended complaint in the underlying personal injury lawsuit. Consequently, the Plaintiff argues that it does not have a duty under the Policy to defend or

indemnify Huynh, Phung, and the Restaurant against the Parducci Lawsuit. The Court agrees with the Plaintiff for the two main reasons addressed below.

First, Count II of Parducci's amended complaint is expressly excluded by the terms in the Policy. In Count II, he alleges negligent hiring, supervision, training, and retention against Phung and the Restaurant seeking to hold Phung and the Restaurant responsible for Huynh's striking him with her car. The Policy excludes claims for bodily injury arising out of the use of any auto operated by any insured, even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured. Thus, the Policy squarely excludes Parducci's negligent hiring, supervision, training, and retention claim in Count II of his amended complaint. *See id*. at 866 (finding the insurance policy exclusion applied when it expressly excluded the claims as alleged in the complaint).

Second, regarding the claim in Count I, courts must "apply the efficient and predominant cause analysis" for claims not expressly excluded by the terms of an insurance policy. *Id*. (citations omitted). Here, in Count I, Parducii alleges that Huynh was negligent when she struck him with her car, causing him injury. Although the Policy expressly excludes claims for bodily injury arising out of the use of any auto operated by any insured, it does not expressly exclude claims that allege bodily injury resulting from negligence. Nevertheless, Parducci's bodily injury could not have resulted "but for" Huynh's operation of her car. *See id*. at 868. Consequently, Parducci's claim is "so inextricably intertwined with the underlying" operation of a vehicle that it is "the efficient and predominant cause" of his bodily injury. *Id*.; *see Scottsdale Ins. Co. v. Cent. Hotel, Inc.*, No. 4:21-CV-52, 2022 WL 4468406, at *6 (S.D. Ind. Sept. 26, 2022) ("Indiana courts have repeatedly rejected claimants' attempts to compartmentalize an insured's negligence and a subsequent automobile collision to avoid application of an auto liability exclusion.")

(reviewing Indiana cases). Thus, the Policy also excludes Parducci's negligence claim in Count I of his amended complaint.

Even so, Huynh argues that the Policy's auto exclusion provision does not apply because there is a factual question as to whether she was "insured." However, as argued by the Plaintiff, the Policy includes the Restaurant's employees in its definition of "insured" for acts within the scope of their employment. As discussed above, it has been previously determined that Huynh was employed by the Restaurant and was acting within the scope of her employment at the time of the accident. Thus, she was "insured" as defined by the Policy at the time of the accident for purposes of the Policy's auto exclusion provision.

But still, Huynh argues in her supplemental brief that even if the auto exclusion applies, there is a question of fact as to whether Parducci was insured for bodily injury as an employee under the Policy. But there is no evidence that supports a finding that Parducci was an employee of the Restaurant at the time of the accident. For purposes of the Policy, an employee is an insured for acts within the scope of their employment by the Restaurant or while performing duties related to the conduct of the Restaurant's business. According to the record, the Restaurant is a Chinese food restaurant business, and Parducci was attempting to help start Huynh's car at a gas station at the time of the accident. Huynh does not explain how, let alone show, that the car repair at the gas station was in the scope of Parducci's purported employment with the Restaurant or related to the conduct of the Restaurant's business. Nor could she. Phung testified that Parducci was not an employee of the Restaurant at the time of the accident and that Parducci owned an auto repair business to which she and her delivery drivers tried to give business. Also, Parducci testified that he had an auto repair business at the time named Region Wrench. Thus, no

reasonable jury could conclude that Parducci was insured as an employee of the Restaurant under the Policy.

Huynh also argues that there is a question of fact as to whether Parducci was insured for bodily injury as a "volunteer worker" under the Policy. The Policy provides that volunteer workers qualify as an insured but "only while performing duties related to the conduct of the Restaurant's business." The Policy defines a volunteer worker as a person who donates their work and acts at the direction of and within the scope of duties determined by the Restaurant and who is not paid. Under this definition, when viewed in the light most favorable to Huynh, the facts show that Parducci was acting under the direction of Phung, the Restaurant's owner; however, no reasonable jury could conclude that Parducci was a volunteer worker because Huynh points to no evidence that shows Parducci was not paid for helping her start the car.[6] *See Ebert*, 188 N.E.3d at 869 (finding a person was a volunteer worker for the bar when the record showed that he was helping the bar's manager at the bar and was not paid).

Accordingly, based on the arguments, Parducci's amended complaint in the underlying personal injury lawsuit, and the evidence before the Court, the Court grants summary judgment in favor of the Plaintiff on its claim for a declaratory judgment that it has no duty under the Policy to defend Huynh, Phung, and the Restaurant against the Parducci Lawsuit and that it has no duty under the Policy to indemnify Huynh, Phung, and the Restaurant against the Parducci Lawsuit. Thus, the Court need not address the parties' arguments on whether Parducci's claim arises out of an "accident or occurrence" within the meaning of the Policy. To the extent that the

---

[6] To the extent that Huynh mentions the doctrine of gratuitous servant in her supplemental brief, the Court need not address it because she does explain how a finding of a gratuitous servant relationship between Parducci and Phung or the Restaurant would result in coverage for Parducci under the Policy. *See Mahaffey*, 588 F.3d at 1146; *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) ("It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.").

Plaintiff also argues that it has no duty to defend or indemnify under the Policy's coverage for "Personal and Advertising Damage Liability," the Court need not address this argument because the Defendants provided no response asserting this basis for coverage; thus, the Defendants waive any such argument. *See Mahaffey*, 588 F.3d at 1146.

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Plaintiff Westfield Insurance Company's Motion for Summary Judgment [ECF No. 68]. The Court DIRECTS the Clerk of Court to enter DECLARATORY JUDGMENT in favor of Plaintiff Westfield Insurance Company and against Defendants Golden Phoenix Restaurant, Inc., Evelyn Huynh, Quynh Phung, and Anthony Parducci declaring that:

1. Westfield Insurance Company has no duty under Commercial Insurance Policy No. CWP 1 948 968 to defend and/or indemnify Golden Phoenix Restaurant, Evelyn Huynh, and Quynh Phung against Anthony Parducci's lawsuit, *Parducci v. Huynh, et al.*, No. 45D01-1509-CT-172 (Ind. Super. Ct. filed Sept. 30, 2015).

The Clerk of Court is directed to close this case.

SO ORDERED on June 11, 2024.

s/ Theresa L. Springmann<br>
JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT